RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/7/10

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KENNETH P. WILLIAMS | CIVIL ACTION NO.: 10-309 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| W & T OFFSHORE, INC. | MAGISTRATE PATRICK HANNA |

## RULING

Before the Court is a Rule 12(b)(1) Motion to Dismiss [Doc. #4] filed by W & T Offshore, Inc. Upon thorough review of the record and being fully advised of the premises, the Court rules as follows:

## BACKGROUND

Kenneth Williams, an employee of Quality Construction & Production, LLC (QCP), was injured while working on the fixed platform known as Main Pass 69D which was owned and operated by defendant, W & T Offshore, Inc. (W&T). On January 13, 2008, while assisting a welder repair a glycol unit, Mr. Williams allegedly injured his back while removing welding rods from the bottom of a "job box" on the platform.

Plaintiff's employer began paying him benefits pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA) as a result of the injury and continued paying LHWCA benefits until sometime after the above captioned matter was filed. Suit was brought in Federal Court pursuant to 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act (OCSLA); although, 28 U.S.C. § 1332 jurisdiction also existed. After commencement of the suit, it was

1

discovered that the platform was actually located 831 feet within state territorial waters and, therefore, not subject to OCSLA. It is undisputed that, as a consequence, Mr. Williams was not, in fact, entitled to LHWCA benefits; rather, he was entitled to state workers' compensation pursuant to the Louisiana Workers' Compensation Act (LWCA).

The Complaint [Doc. #1] was not filed until February 24, 2010, more that two (2) years after the accident. W&T filed its Motion to Dismiss alleging that plaintiff's action has prescribed. W&T's contention is since Williams was not a seaman, and he was injured on a fixed platform within state waters, it is undisputed that Louisiana's one (1) year liberative prescription for dilectual actions applies.

W&T argues, regardless of the fact Williams was actually paid LHWCA benefits, because Louisiana substantive law applies and Mr. Williams was entitled to only LWCA benefits, La. Rev. Stat. 23:1204 should apply and QCP's voluntary payments of LHWCA should not interrupt prescription.

Mr. Williams contends that he should not be precluded from bringing the present action since he was receiving LHWCA payments until sometime after suit was filed. Williams argues that La. Rev. Stat. 23:1204 is inapplicable since he was not receiving LWCA payments throughout the year immediately proceeding his injury. Williams argues that QCP acknowledged its obligation to him by paying LHWCA benefits, and acknowledgment of an obligation by one solidary obligor interrupts prescription as to other solidary obligors.

The law is clear: voluntary payment of LWCA benefits DOES NOT interrupt liberative prescription; however, voluntary payment of LHWCA benefits DOES interrupt liberative prescription. Had QCP properly paid LWCA benefits initially, the prescriptive period for

Williams' claims would not have been interrupted. The issue before the Court is whether the mistaken payment of LHWCA benefits interrupts prescription. Stated another way, should a plaintiff be allowed to rely on LHWCA payments to interrupt prescription regardless of his entitlement to such payments? For the following reasons, this Court is of the opinion that QCP's payment of LHWCA benefits interrupted prescription, and Mr. Williams' claims against W&T are timely.

## LAW AND REASONING

It is well settled that an employer and a third party tortfeasor are solidary obligors to an injured employee. *Williams v. Sewerage & Water Bd. Of New Orleans*, 611 So.2d 1383 (La. 1993). This is so because "they are both obligated to repair the same damage." *Id.* at 1387-88. It is also clear that "[i]nterruption of prescription against one solidary obligor is effective against all solidary obligors." La. Civ. Code art. 1799 (2010).

The Louisiana Supreme Court in *Gary v. Camden Fire Insurance* noted that prescription can be interrupted "when one acknowledges the right of the person against who he had commenced to prescribe." *Gary v. Camden Fire Ins.*, 96-0055 (La. 07/02/96), 676 So.2d 553 (See also La. Civ. Code art. 3464 (2010)). Payment of workers' compensation benefits is generally an acknowledgment of an obligation; however, the LWCA specifically encourages voluntary payment of benefits by stating that "[n]either the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." La. Rev. Stat. 23:1204 (2010). "Because of Section 1204's statutory command, the voluntary payment of compensation here is not an acknowledgment of debt of liability and does not interrupt prescription under La. Civ. Code art 3464." *Gary*, 676

So.2d at 556.

On the other hand, LHWCA payments do interrupt prescription against third party tortfeasors. *Cormier v. Clemco Services*, 48 F.3d 179 (5th Cir. 1995) (See also, *Billizon v. Conoco, Inc.*, 864 F. Supp. 571 (E.D. La. 1994)). "The distinguishing circumstance between Cormier and Billizon and [Gary] is that the LHWCA has no statutory counterpart to La. Rev. Stat. 23:1204, the latter specifically providing for Louisiana that the payment of compensation benefits shall not be considered admission of liability." *Gary*, 676 So.2d at 557. "[W]e agree that an insurance carrier which voluntarily pays workers' compensation benefits under the LHWCA acknowledges the employee's right to these benefits and interrupts prescription against all solidary obligors." *Cormier*, 48 F.3d at 183.

As the *Gary* Court properly recognized, the distinguishing factor in cases involving voluntary payments under LWCA versus LHWCA is the applicability of La. Rev. Stat. 23:1204. In the present case, QCP did not voluntarily make LWCA payments; therefore, La. Rev. Stat. 23:1204 is inapplicable. When an employer does not make voluntary LWCA payments, it and/or its solidary obligors should not be allowed to apply La. Rev. Stat. 23:1204 to avoid interrupting prescription. QCP did not make LWCA payments; rather, it made LHWCA payments. In doing so, QCP acknowledged its obligation to Williams, and since QCP and W&T are solidary obligors, interruption of prescription as to QCP is effective as to W&T. Since prescription in the above captioned matter was interrupted as a result of QCP's voluntary payment of LHWCA benefits, defendant W&T's Rule 12(b)(1) Motion to Dismiss [Doc. #4] based upon expiration of the one (1) year liberative prescription period is DENIED.

Furthermore, Williams justifiably relied on QCP's voluntary payment of LHWCA

benefits to interrupt prescription. As previously mentioned, the rig was a mere 831 feet, little more than an 1/8 of a mile, within the state boundary; neither plaintiff's employer nor the rig owner were aware of this fact until after suit was filed. Williams certainly was not aware, nor should he have suspected that he was not entitled to LHWCA benefits. Since the law pertaining to interruption of prescription when a person properly receiving LHWCA benefits is clear and unambiguous, it seems inequitable to preclude Mr. Williams from bringing suit against W&T in this fact intensive situation, where *everyone* involved believed he was in fact entitled to such coverage. Based on the foregoing analysis of law and equity, this Court finds defendant's Motion to Dismiss is hereby DENIED.

THUS DONE AND SIGNED, Lafayette, Louisiana, this ___7th___ day, September, 2010.

_____
HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

COPY SENT
DATE 9/7/10
BY _____
TO RTH